**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:07CV-P21-R**

**RONALD GENE SCHAEFFER**                                                          **PETITIONER**

**v.**

**DEPARTMENT OF CORRECTIONS**                                                **RESPONDENT**

## MEMORANDUM & ORDER

### I.

Petitioner, Ronald Gene Schaeffer, *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state conviction and sentence. Petitioner also seeks to proceed in this action *in forma pauperis*. Petitioner's motion to proceed *in forma pauperis* (DN 2) is **GRANTED.**

### II.

The Court must first address a preliminary matter related to the current caption of the case. Petitioner named the Department of Corrections as the respondent in this case. Where a petitioner is "currently in custody under a state -court judgement, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In other words, Petitioner should have named as Respondent, Tom Simpson, the warden of Kentucky State Penitentiary where Petitioner is currently incarcerated. **IT IS ORDERED** that **no later than thirty (30) days from the date of this Order, Petitioner shall amend the caption of his petition to name the proper Respondent in this case.**

### III.

Having addressed these preliminary matters, the Court will now proceed to review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts. Because it appears that the petition is untimely, the Court will direct Petitioner to show cause why this action should not be dismissed.

On April 2, 1991, Petitioner pled guilty to four counts of first-degree sodomy in McCracken Circuit Court. He was sentenced to fifty years' incarceration. He did not challenge his conviction and sentence on direct appeal, and it does not appear that he has filed any state collateral attacks. He filed this action on February 8, 2007.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, because Petitioner's conviction became final prior to April 24, 1996, the one-year limitations period established by § 2244(d) extends from the effective date of the Act, which is April 24, 1996; the period is not measured from the date that the conviction became final. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002) ("For prisoners [], whose convictions were finalized prior to enactment of the AEDPA, this Circuit has ruled that they have one additional year after the Act's effective date to file a habeas petition."). Thus, Petitioner had until April 24, 1997, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting §2244(d)(2)) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'"). A review of the record indicates that Petitioner did not have any post-conviction or collateral review motions pending as of April 24, 1997. Thus, it appears that the instant action was filed approximately ten years too late.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ignorance of the law alone, however, does not excuse prompt filing. *Allen*, 366 F.3d at 403.

Accordingly, based on the foregoing, it appears that Petitioner's § 2254 petition should be summarily dismissed by the Court as barred by the applicable one-year statute of limitations.

Before dismissing the action on this ground, however, the Court will provide Petitioner with an opportunity to respond.  See *Day v. McDonough*, 547 U.S. 198 (2006).

**WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this order, Petitioner must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations.  Failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:

cc:     Petitioner, *pro se*
4413.008